## Little's Appeal.    Agnew's Estate.

1. A testator gave two-thirds of the income of his estate, which was all personal, to his wife for life, the other third to his daughter Elizabeth until she married; on the death of his wife before the marriage or death of Elizabeth, he gave two-thirds of the income to Elizabeth whilst she was unmarried, the other third to "be paid to my daughter Martha; but at the marriage of Elizabeth or at her death"-the whole of his estate to be sold and equally divided amongst all his children; the children of deceased children to take their parents' share. There was no gift over of the third of the income on the death of Martha. *Held*, that this was a vested gift to Martha for the life of Elizabeth, subject to be determined by her marriage.

2. Martha died intestate, leaving a husband and children, in the lifetime of Elizabeth, who had remained unmarried. *Held*, that the one-third of the income passed to Martha's legal representatives.

3. An intention of the testator to die intestate as to this portion not being discoverable from the will, is not to be presumed.

4. In Pennsylvania "heirs," "executors," "administrators," &c., are not necessary to pass an absolute estate in a gift by will.

February 23d 1876.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Philadelphia :* No. 127, to July Term 1875.

The proceedings in the case arose under the will of William Agnew, deceased, who died in September 1866; the will was dated April 25th, in the same year.    It is as follows:—

\*          \*          \*          \*          \*          \*          \*

"2. I give to my beloved wife during her lifetime, the house and lot of ground on the south side of Pine street, in which we now live, \* \* \* to be occupied by her and my daughter Elizabeth, during the lifetime of my said wife, if they choose to occupy it; but in the event of the death of my widow before the marriage of my daughter Elizabeth, my will and desire is, that then in that event, my daughter Elizabeth shall have the house and furniture and lot aforesaid, either to occupy or rent to others, as she pleases, so long as she remains unmarried; but at her marriage or at her death, if she never marries, then the said property shall fall back as a part of the residue of my estate, and be sold, and the proceeds of it be divided amongst my children as hereinafter directed.

\*          \*          \*          \*          \*          \*          \*

"5. I give and bequeath to my dear wife and to my daughter Elizabeth, the income of my whole estate, to be enjoyed by my said wife during her lifetime, and by my daughter Elizabeth, until she marries, in the proportion of two-thirds of the said income to be for the sole use of my said widow, and one-third for the sole use of my said daughter Elizabeth; and in the event of the death of my said widow before the marriage or death of my said daughter Elizabeth, then my will is and I direct that two-thirds of the income of my estate be for the use of my said daughter Elizabeth, and given to her so long as she remains unmarried, and the remaining one-third be paid to my daughter Martha Jane Little; but at ·

the marriage of my said daughter Elizabeth, or at her death, then I direct that my whole estate, both real and personal, not disposed of by this will, should be sold by my executors, and the proceeds of it divided equally among all my children, share and share alike, except my son George Washington, whose share shall be held in trust for him by my executors, and the income thereof be paid to him (without any liability whatever for his debts), during his life, and at his death the principal thereof shall go to his children, share and share alike, and if he should leave no children, then it shall descend according to law. But nevertheless, I authorize my executors to pay over to my son George Washington, his share of my estate absolutely, if they shall in the exercise of their best discretion think it proper and advisable so to do; and if either of my children should die, leaving children living at my death, then I desire and direct that the share of such deceased child shall be given to his or her child or children, as the case may be."

\*  \*  \*  \*  \*  \*  \*

Letters testamentary were granted to "The Girard Life Insurance and Trust Company," the executors named in the will.

The widow of the testator died in 1874. Martha J. Little died intestate, February 3d 1875, leaving as her heirs and next of kin, her husband Arthur W. Little, and four sons, Arthur H., William A., Thomas and Frederick V., the last being a minor and having for his guardian his father. Administration of Mrs. Little's estate was granted to Thomas Little, her son. Besides Mrs. Little, the testator left to survive him four children, viz.: Elizabeth, George W., James B. and Harris S. Between the death of the widow and that of Mrs. Little, the executors paid two-thirds of the income, which was wholly from personal estate, to Elizabeth Agnew, and one-third to Mrs. Little. Elizabeth Agnew still survived and remained unmarried.

On the 15th of May 1875, the children of Mrs. Little—Thomas in his own right and as administrator, &c., of Mrs. Little—petitioned the Orphans' Court, setting out the foregoing facts. They further claimed, "that they, as the four children of Mrs. Martha J. Little, and her sole heirs and next of kin, and personal representatives, are entitled to said one-third of the net income of said estate bequeathed by said will to her, and they have applied to the said executors for the payment of the same. But the said executors are unwilling to pay the same to your petitioners without the order of this court.

"Wherefore your petitioners pray that the said executors may be ordered to pay the one-third of the net income of the estate of William Agnew to your petitioners, during the life of the said Elizabeth Agnew while she remains unmarried."

The executors on the same day filed an answer in which the children of the testator joined and which they adopted; they admitted the allegations of the petition, and further answered:—

[Little's Appeal.]

"That the said testator does not signify in the will what shall become of the one-third income paid to Mrs. Little during her life, when she shall die; that they are advised that the said income falls into said estate and remains, until final settlement according to the terms of the will, and that therefore they have not been willing to pay said income to the children of said Mrs. Little."

The Orphans' Court, Dwight, J., made the following decree:—

"Petition refused; and it is decreed, that the income herein referred to be distributed in accordance with the intestate laws."

Thomas Little appealed to the Supreme Court, and assigned the decree for error.

*G. Junkin*, for appellant.—This gift of income does not differ from the gift of a sum of money: Embrey *v.* Martin, 1 Ambler 230. In a will, the words "executors" or "administrators" are not necessary to pass an absolute interest to a legatee, which will go to the legatee's personal representative in case of death before the actual receipt of the legacy in whole or in part. And it is no less a legacy, that it happens to be an annual or semi-annual sum accruing from year to year, during a certain period, or an uncertain period: Rawlinson *v.* Montague, 2 Vernon 667; Lock *v.* Lock, Id.; Smith *v.* Pybus, 9 Vesey 566; Holdernesse *v.* Carmarthen, 1 Bro. C. C. 377; Savery *v.* Dyer, 1 Ambler 140.

*J. G. Johnson* (with whom was *E. L. Perkins*), for appellees.

Mr. Justice PAXSON delivered the opinion of the court, March 13th 1876.

We have no decided case in this state which distinctly rules the point in controversy. It arises under the will of William Agnew, deceased, and briefly stated, it is this: The testator gives the entire income from his estate, consisting wholly of personalty, during the life of his daughter Elizabeth, or while she shall remain single, to his two daughters, Mrs. Martha J. Little and the said Elizabeth, the former to receive one-third and the latter two-thirds of said income. Mrs. Little is now deceased, leaving a husband and children; Elizabeth is still living and unmarried. The principal of the estate is not to be distributed until after Elizabeth marries or dies. In the meantime what is to become of the one-third of the income formerly paid to Mrs. Little? It is claimed by the administrator of the latter. The court below disallowed this claim, and held, as to the income referred to, that William Agnew died intestate, and it would go to his next of kin.

It is to be observed that there is no gift over of this income upon the death of Mrs. Little. Nor is it a gift for life; it is a gift *per autre vie*. It is true it may not last for the life of Elizabeth, by reason of the contingency of her possible marriage. It is, never-

[Little's Appeal.]

theless a gift for the life of Elizabeth, subject to being determined by her marriage.    Was the gift of this income to Mrs. Little an absolute bequest thereof, and so vested as to go to her legal representatives in case of her death prior to the marriage or death of Elizabeth?    We can discover no intent of the testator to die intestate as to this or any other portion of his estate, and no such intention is to be presumed.    The distribution of the principal is expressly postponed until after the marriage or death of Elizabeth. The right to one-third of the income became vested in Mrs. Little immediately upon the death of Miss Agnew.    Did the testator ·intend that it should be for *her* life only, and in the event of her death go to his next of kin under the intestate laws?    There is certainly nothing upon the face of the will from which such intent can be gathered, and as we have before observed, no such can be presumed.    In the same paragraph of the will in which the above recited provision occurs, the testator says: " If either of my children should die leaving children living at my death, then I desire and direct that the share of such deceased child shall be given to his or her child or children, as the case may be."    The testator is here speaking of the principal of his estate, and we cannot regard it as controlling the distribution of the income.    Yet it is not without weight upon the question of intent.    The testator has used no words in this will to show an intent to limit the gift of the income to Mrs. Little for her own life.    In the absence of any such express purpose, we must look to the legal effect of the language he has employed.

In this state the use of the words heirs, executors, administrators or assigns, is not necessary to pass an absolute interest in a legacy by will.    Had the gift of this income been to Mrs. Little, and to her executors, administrators and assigns, it would have been no stronger than it is with the omission of those words, in the absence of any bequest over.    Had the gift been of a legacy fixed in amount, there could have been no question that it would have passed to her administrator upon her death.    Is it any the less a legacy because it is payable by instalments of uncertain amount.    Had it been for a fixed sum, as an annuity, there would seem to ·me but little doubt, under the English authorities, that it would go to her personal representatives upon her death : Rawlinson *v.* Montague, 2 Vernon 667 ; Lock *v.* Lock, Id ; Savery *v.* Savery, 1 Ambler 140.    Here the amount is not fixed, but it is capable of being reduced to certainty.    It is a gift of one-third of the income.    Said income arises wholly from investments in personal securities, producing a certain and regular return.

We are of opinion that the gift of this income was a vested interest during the lifetime of the testator's daughter Elizabeth, or so long as she shall remain unmarried, and that upon the death of

31 P. F. Smith—13

Mrs. Little, it passed to her legal representatives for the period above stated.

The decree of the Orphans' Court is reversed, and record remitted for further proceedings.