## Mull's Executors *versus* Mull's Administrator.

1. A testator gave the "yearly interest" of a sum to his wife for life and after her death "the principal shall be equally divided among all my children or their legal heirs, if any of my children should die before such mentioned period doth arrive:" *Held*, the legacies to his children were vested.

2. "To be equally divided among all my children," shows the intention to put them all on the same platform, which would create a vested interest in all.

3. The words, "or their legal heirs," were not to ididuate grandchildren, but to supply a legal succession, and mean "legal representatives."

March — 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Berks county:* of January Term 1876, No. 162.

This was an amicable action and case stated in which Mary Mull, administrator, &c., of Reuben Mull, deceased, was plaintiff, and Henry Mull and Thomas Mull, executors, &c., of Thomas Mull, deceased, were defendants.

The action was entered March 16th 1876.

The question arose under the following clause in the will of Thomas Mull, deceased, who died in August 1842, leaving to survive him his wife Elizabeth and six children, two of whom were Reuben and Edwin:—

"Item 3d. I further give and devise unto my said wife Elizabeth, in lieu of her dower, the yearly interest at six per cent. of the sum of $3000, to be paid to her annually, on the 1st day of April, by my hereinafter-named executors, who shall hold the said principal in trust during my said wife's lifetime, and, after her decease, I direct that the said principal of $3000 shall be equally divided among all my children, or their legal heirs, if any of my children should die before such mentioned period doth arrive."

Thomas Mull and Henry Mull, other sons of the testator, were appointed executors of his will.

At the death of the testator, Reuben had one child, who died before his father without issue.

On the 9th of April 1851, Edwin assigned to Reuben all his interest in the $3000, retained for the use of the widow during her life.

Reuben died in the life of the widow, leaving a widow, the plaintiff in this case, and one child. Edwin died after Reuben, but also in the life of the widow, leaving two children. The widow died January 17th 1874. The executors had in their hands for distribution $2312.02, part of the $3000. The plaintiff as administratrix of Reuben claimed one-sixth of this sum in the right of Reuben himself and another sixth in his right as assignee of Edwin.

It was agreed by case that if the court should be of opinion, that the legacies to the children were vested, judgment should be

entered for the plaintiffs for $770.67; if the court should be of opinion otherwise, judgment to be entered for defendants.

The court (Hagenman, P. J.) entered judgment for the plaintiff for $707.67 with interest.

This was assigned for error on the removal of the record to the Supreme Court by the defendants.

*W. M. Goodman,* for plaintiffs in error.—A testator may substitute one class of legatees for another in the event of the death of that other class prior to the occurrence of a limited contingency: 2 Jarman on Wills 695. If it appear that the testator meant the time of payment to be the period at which a legacy should vest, with a direction for payment to the legatee at a definite period, although it be given in terms of immediate bequest, and the legatee die previously, he will have taken no interest in the legacy to transmit to his personal representatives, because the period of payment is of the essence of the bequest: 1 Roper on Legacies 557. The bequests became absolute at or upon the death of the testator's widow and not before. That part of testator's will, " legal heirs," meant children : Umstead's Appeal, 10 P. F. Smith 365.

*A. G. Green,* for defendant, cited Patterson *v.* Hawthorn, 12 S. & R. 112 ; Provenchere's Appeal, 17 P. F. Smith 463 ; King *v.* King, 1 W. & S. 207.

Judgment was entered in the Supreme Court, March 13th 1876,

PER CURIAM.—There is no clearly-expressed intention in the will of Thomas Mull to bequeath over to certain persons, either by name or description, the principal of the legacy of $3000, in the event of the death of any of his children, in the lifetime of the widow. The only words are, " to be equally divided among all my children or *their legal heirs.*" If there were anything else in the will to evince the testator's meaning to be *children* when he used the words "legal heirs," we might conclude that they were the legatees of the principal sum. But the form of the bequest to be " equally divided among all my children," shows an evident intention to put all upon the same platform of ownership, which would carry a vested interest in all. The words following, " or their legal heirs," evidently were used not to individuate grandchildren, but to supply a legal succession in the event of the death of any one, and mean simply legal representatives. The legacies were therefore vested, and passed on the death of any one to his executors or administrators.

Judgment affirmed.