## Hildebrant, Appellant, *v.* Hildebrant.

*Will—Construction—Intestacy—Intention.*

1. A direction by a testator in his will that on the happening of a certain contingency his property should "be divided among my relatives under the intestate laws of Pennsylvania," is a testamentary disposition, and in no wise weakens the conclusion always favored by the law that a will should be construed as if the intention of the testator were to dispose of his entire estate, unless the contrary intention plainly appears from the language of the will itself.

2. A gift of the net rents, issues and profits and income of all testator's estate to testator's wife for her natural life "less thirty dollars payable every three months during my wife's lifetime to my son," without any limitation over after the death of the son, creates a vested legacy in the son on the death of the testator, and upon the death of the son the quarterly payments go to the personal representative until the death of the widow. In such a case the fact that the annuity to the son is protected by a spendthrift trust does not call for a different construction of the will.

Argued Nov. 9, 1909. Appeal, No. 5, Oct. T., 1909, by plaintiff, from decree of O. C. Lancaster Co., April T., 1903, No. 87, to pay over money in case of Amanda Hildebrant v. Mary M. Hildebrant. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition to pay over money.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the following decree:

It is now ordered that Barr Spangler and William H. Hilde-

brant, executors of the will of Martin Hildebrant, deceased, pay to Mary M. Hildebrant, administratrix of the estate of Harry K. Hildebrant, deceased, $30.00 quarterly from April 1, 1908, and continue so to pay as long as Amanda Hildebrant, the widow of Martin Hildebrant, shall live.

*W. U. Hensel,* with him *John A. Nauman,* for appellant.— The administration of a spendthrift trust imposes active duties upon the trustee and requires a separation of the legal and equitable estates, so that the legal estate will not vest in the beneficiary: Still v. Spear, 45 Pa. 168; Rife v. Geyer, 59 Pa. 393; Horwitz v. Norris, 49 Pa. 213.

Upon the death of Harry Hildebrant, the very purpose for which the trust was created ceased, and the directions to the executors to pay over to him $30.00 quarterly was executed. This was not a trust to preserve any money for the benefit of his estate, or for the benefit of his creditors.  In fact, there was an express prohibition that none of this money should be liable for any debts that he might create.  To permit the estate of Harry Hildebrant now to continue to draw after his death the $30.00 quarterly, would be to practically nullify the purposes for which the spendthrift trust was created, and if the court were to decide in favor of that position, the law relating to spendthrift trusts would be entirely overruled.

*F. S. Groff,* for appellee.—The language creates a vested estate in Harry K. Hildebrant during the lifetime of his mother, the wife of Martin K. Hildebrant, in all the payments that may accrue, and upon his death, the unpaid installments falling due during her lifetime must be paid to his administratrix: Little's App., 81 Pa. 190; Ritter's App., 190 Pa. 102.

The gift of a legacy under the form of a direction to pay at a future time or upon a future event, is not less favorable to vesting than a simple and direct bequest of a legacy at a like future time or upon a like event: McClure's App., 72 Pa. 414.

OPINION BY HEAD, J., March 3, 1910:

An examination of the will we are required to construe

clearly enough discloses that the testator intended to make a testamentary disposition of his entire estate. It is true that upon the happening of the contingency, apparently most remote in his view, his property was "to be divided among my [his] relatives under the intestate laws of Pennsylvania;" but this was none the less a testamentary disposition of his property, and in nowise weakens the conclusion always favored by the law that a will should be construed as if the intention of the testator were to dispose of his entire estate unless the contrary intention plainly appears from the language of the will itself.

Aside from a few minor bequests not involved in this case, the testator gave to his wife Amanda "the net rents, issues, income and profits of all my estate, real, personal and mixed, for her natural life . . . . less Thirty Dollars every three months payable as hereinafter; . . . . during my wife's lifetime my executors shall pay my son Harry Thirty Dollars every three months." The will contains no line or letter that would be effective to change by increase or diminution the fixed and determinate provision thus made for the widow which was to continue during her natural life; and as she still happily survives, we have no concern with those portions of the will intended to become operative only after her death.

The son of the testator, however, already mentioned, to whom he gave the legacy of $30.00 every three months during the natural life of the widow has died, leaving to survive him a widow but no issue. His widow, after his death, filed her petition in the orphans' court praying for an order on the executors of the will of Martin Hildebrant, deceased, to continue to pay to her the sum of $30.00 every three months during the remainder of the natural life of the widow of the testator. The executors filed an answer setting up that, under the terms of said will, the said Harry Hildebrant had no vested legacy, and that with his death no right remained to his widow, who was also his administratrix, to have said payments continue. The learned orphans' court, holding that the legacy to the said Harry Hildebrant vested on the death of the testator, and that under the terms of his will it was to continue during the

natural life of his widow, made the decree prayed for.  From this decree Amanda Hildebrant, the widow of the testator, appeals.

As we have already stated, there is not in our opinion any provision of the testator's will under which his widow may claim, as his legatee, to have this portion of his estate, because by the very terms of the will it was carved out and set apart from that which was intended for her.  As the court below well says, "From the general bequest to her he slices off an interest which he gave to his son during the life of his wife.  It is clear, therefore, that under no circumstances did he intend his wife to enjoy that which was given away for as long a time. as she remained alive.  The giving of it to another for her life negatives any intention of having her receive it.  If for her life it is for another, then during her life it is not for her."  If, then, her only possible interest in this sum was as legatee under the will of her husband, this appeal could be dismissed on the ground that she had no interest in maintaining it.  If, however, the decree of the learned orphans' court was wrong for the reason assigned by the appellant, to which we shall presently advert, then the testator died intestate as to so much of his estate as would accumulate at the rate of $120 per year between the death of his son Harry and the death of the appellant, and in such event the appellant, as the widow of a decedent dying intestate, would have at least such a nominal interest as would support her right to appeal.

Had the will contained nothing else but the clauses to which we have already referred, the question would be ruled by Little's App., 81 Pa. 190.  In that case the testator gave to one daughter Martha the income of one-third of his estate "during the life of his daughter Elizabeth, or while she shall remain single."  There was no gift over of this share in the event that Martha died before the death or marriage of her sister Elizabeth.  We should have stated that in the present case there was no gift over of the annual income given to the son Harry in the event he died before his mother.  In the case cited Mr. Justice PAXSON said: "It is to be observed that there is no gift over of this income upon the death of Mrs. Little (Martha).

VOL. XLII—13

Nor is it a gift for life; it is a gift per autre vie. It is true it may not last for the life of Elizabeth, by reason of the contingency of her possible marriage. It is, nevertheless, a gift for the life of Elizabeth, subject to being determined by her marriage. . . . In this state the use of the words heirs, executors, administrators or assigns, is not necessary to pass an absolute interest in a legacy by will. Had the gift of this income been to Mrs. Little, and to her executors, administrators and assigns, it would have been no stronger than it is with the omission of those words, in the absence of any bequest over. Had the gift been of a legacy fixed in amount, there could have been no question that it would have passed to her administrator upon her death. Is it any the less a legacy because it is payable by installments of uncertain amount? Had it been for a fixed sum, as an annuity, there would seem to me but little doubt, under the English authorities, that it would go to her personal representatives upon her death. Here the amount is not fixed, but it is capable of being reduced to certainty. We are of opinion that the gift of this income was a vested interest during the lifetime of the testator's daughter Elizabeth, or so long as she shall remain unmarried, and that upon the death of Mrs. Little, it passed to her legal representatives for the period above stated." As this case has been followed as late as Ritter's Est., 190 Pa. 102, it would be conclusive of our question unless that conclusion is avoided by the presence in this will of a further provision, to which we shall now advert.

We have quoted at some length from the opinion, not because the correctness of our reasoning thus far is assailed by the appellant, as we understand the argument of her able counsel, but because the reasoning of the opinion seems to us to point strongly to the soundness of the conclusion reached by the learned court below.

After having made the provision for his son already quoted, and a much more ample one in case he survived his mother, the will of the testator contains the following: "And the same shall not be subject to any assignment, pledge or anticipation by him, nor to any attachment issued upon any judgment,

debt or claim against him, nor shall it be liable for any debts contracted by him in any way, or to any process of execution, sequestration or attachment." If we give to these words the construction contended for by the appellant, there will follow the results that the legacy given by the testator to his son Harry was not a vested one, and, there being no gift over of this income in the event of his death, a case of partial intestacy of the testator. These conclusions, as already stated, are both against the ordinary presumptions of the law, and such a construction should not be adopted unless forced by the language of the will.

The argument for the appellant rests on the proposition that this case is ruled by Horwitz v. Norris, 49 Pa. 213. The question decided in that case was that the power of appointment given by the will of a testator to his son was not well executed by the will of the donee. In that case the original will directed the testamentary trustees to collect certain rents, etc., "and to pay over the net income thereof to the maintenance and support of his son, during his natural life, so as not to be liable for his debts, etc., and from the death of his said son, to the use and behoof" of such persons within a limited class, as the said son by his last will might appoint, etc.

In the present case the testamentary trustees are directed simply and absolutely to pay over a fixed and definite quarterly sum to his son. This money is in no way devoted by the testator to any particular use or purpose. With its payment to him the trust became fully executed, and the money was his to do with as he chose without restriction of any kind. Moreover, this money was to be paid to him not during his own life, but during the life of another. As there is no gift over in the event of his death, how can it be said that the direction of the testator to pay this sum during the life of his own widow has been complied with, or that the trustees have discharged their obligation. The provision of the will last quoted does not necessarily require the construction contended for. Full and reasonable effect may be given to every word used in that clause, if we hold that its purpose was to relieve the executors and trustees from the annoyance of liti-

gation, and the fund in their hands from diminution or reduction by reason of any attempt on the part of the legatee himself, or his creditors, to seize it, use it, or control it in any other way than at the time and in the manner provided for in the will.   In other words, to put it out of the power of anybody to interfere with the prompt and regular payment to the son of the fixed sum named at the regular quarterly intervals provided for.

We are not able to find in the presence of this provision in the will any sufficient warrant to destroy the conclusions that otherwise would be certainly drawn from the will under the authorities cited, to wit, that the testator did not die intestate as to any part of the income that would accrue from his estate during the life of his wife, and that the legacy to his son Harry was a vested one.   From this it would follow that the decree entered by the learned orphans' court was correct, and the assignment of error must therefore be overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.