# Spang's Estate.

*Wills—Trusts and trustees—Vested and contingent interests—Disposition of income—Vesting of income.*

Where a testatrix directs that certain of her real estate is to be held in trust by the executors "they to collect the rents, etc., and after paying taxes and insurance and necessary repairs, divide the net proceeds annually among all my children, share and share alike, to wit:" naming the children specifically, and further directs that no distribution of principal in the manner directed by the will shall take place until the death of her last surviving daughter, the income is vested in the children, and if one of them dies after the death of the testatrix and before the death of the last surviving daughter, such child's share of the income will go to his or her legal representatives. In such a case it is immaterial that the testatrix made no provision for the transmission of the share of income of a child who might die before the final distribution of her estate.

Argued Nov. 14, 1911.  Appeal, No. 33, Oct. T., 1911, by Cordelia D. Spang, Executrix of Robert W. Spang, deceased, from decree of O. C. Berks Co., dismissing exceptions to adjudication in Estate of Anna M. Spang, deceased.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Exceptions to adjudication.  Before BLAND, P. J.
The opinion of the Superior Court states the facts.

*Errors assigned* were in dismissing exceptions to adjudication.

*David F. Mauger*, of *Rothermel & Mauger*, for appellant, cited: McClure's App., 72 Pa. 414; Little's App., 117 Pa. 14; Ritter's Est., 190 Pa. 102; Raudenbach's App., 87 Pa. 51.

*H. F. Kantner*, for appellees, cited: Woelpper's App., 126 Pa. 562; Long v. Labor, 8 Pa. 229; Schaffer v. Kettell, 9 Mass. 528; Towne v. Weston, 132 Mass. 513; Hallowell v. Phipps, 2 Whart. (Pa.) 376; Hunt's Estate, 133 Pa. 260; Steinmetz's Est., 194 Pa. 611; Provenchere's App., 67 Pa. 463.

OPINION BY MORRISON, J., March 1, 1912:

The controversy in this case arises over the distribution of the income of a trust created by the testatrix in her last will and testament as follows: "The two remaining store buildings immediately below the above described premises Nos. 623 and 625 respectively, together with the three brick houses in the rear of the above fronting on Court street, with their several appurtenances, are to be held in trust by my hereinafter named executors, they to collect the rents, &c., and after paying taxes and insurance and necessary repairs, divide the net proceeds annually among all my children, share and share alike, to wit: Lizzie, intermarried with Henry D. Van Horn, Mary M., Henry

W., Robert W., Emma, intermarried with Cassius Holton, Daniel, Sallie, and Isaac Y."

Robert W. Spang, a son of the testatrix, died, testate, January 2, 1910; his wife, mentioned in the will, predeceased him; after her death, he remarried, and at his death left to survive him a widow and a son; and by his last will he appointed Cordelia D. Spang, his widow, executrix.

The learned judge of the orphans' court first distributed to said executrix an equal one-sixth of the income from said trust estate which accrued from January 2, 1910, to July 1, 1910. This on the theory that Robert W. Spang and each of the other children took a vested interest in the net annual income of the trust estate, not only for life, but during the whole period of the trust; which under another portion of the will is to continue until the death of the last surviving daughter of the testatrix. If Robert W. Spang took a vested interest in the net annual income of the trust estate, for the whole period of the trust, the distribution to his personal representative was correct and this is conceded on all hands. To this distribution, however, exceptions were filed, to wit: (1) "The court erred in distributing to Cordelia D. Spang, executrix of Robert W. Spang, deceased, the sum of $157.00." (2) "The court erred in not distributing the balance due the estate equally between Isaac Y. Spang, committee of Emma A. Holton, lunatic, Elizabeth Van Horn, Sallie Spang, and Isaac W. Spang." The persons named in this second exception were, according to the findings of fact by the learned judge below, entitled to the money being distributed, if Robert W. Spang's interest therein was contingent. The learned judge sustained the exceptions and refused to distribute to the legal representative of Robert W. Spang the sum claimed as vested in him, by his executrix.

From the learned judge's opinion in support of his decree we quote the following: "As to the rents received by the trustees, the testatrix directed that they should be divided annually among all her children. She seems to

have treated them as a class, for she made no provision for the transmission of a share of a child who might die before the final distribution of her estate, at the death of the last surviving daughter, to the issue of such deceased child or to his or her personal representative." We do not regard this a correct statement of what the testatrix provided in regard to the income of the trust estate. It will be noticed from the portion of the will above quoted that the executors are to collect the rents, etc., and after paying taxes, insurance and necessary repairs, divide the net proceeds annually among all my children, share and share alike; to wit, then naming all of them, including Robert W. In our opinion, this falls far short of indicating that the testatrix treated her children as a class. On the contrary, she specifically directed that each child should have his or her share of the net income from the trust estate. It was to be paid to them per capita.

In our opinion, the interest of Robert W. Spang, in the income of the trust estate, was vested and at his death it passed to his legal representative till the death of the last surviving daughter of the testatrix. A careful examination of the will does not indicate to us that the income of the trust estate was contingent.

We think the question here raised does not materially differ from Little's App., 81 Pa. 190. In that case the court below took the view that the income in question was contingent and refused to distribute it to the personal representative of Mrs. Little who was then deceased. But in an interesting opinion by Mr. Justice PAXSON it was held that the income was vested at the death of the testator and that the court below erred in awarding the income to the next of kin of the deceased, and held as follows: "We are of the opinion that the gift of the income was a vested interest during the lifetime of the testator's daughter Elizabeth, or so long as she shall remain unmarried, and that upon the death of Mrs. Little it passed to her legal representative for the period above stated."

In McClure's App., 72 Pa. 414, the question of vested

and contingent interests is discussed at length by Mr. Justice WILLIAMS, speaking for the Supreme Court, where it is said: "As a general rule, a legacy is to be deemed vested or contingent just as the time shall appear to be annexed to the gift or the payment of it. If futurity is annexed to the substance of the gift, vesting is suspended; but if it appears to relate to the time of payment only, the legacy vests instantly. The point which determines the vesting is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent. Where there is an antecedent absolute gift, independent of the direction and time of payment, the legacy is vested; but when there is no substantive gift, and it is only implied from the direction to pay, the legacy is contingent, unless from particular circumstances or the whole face of the will a contrary intention is to be collected." In our opinion, the language of the will creating the trust in the present case amounts to an absolute gift of the net income thereof among all of the children of the testatrix, and the time of payment to wit, annually, is something added to the gift. The direction in the will is positive and free of doubt that the net income from the trust estate is given to all the testatrix's children, naming them, and the payment thereof is to be made annually. In the same opinion by Mr. Justice WILLIAMS we find the following: "Thus it is said in Letchworth's App., 30 Pa. 175, that the law always inclines to treat the whole interest in property as vested rather than contingent, and, therefore, in case of doubt it declares the interest vested." We further quote from the same opinion: "The mode or form of the bequest seems to be regarded by Vice Chancellor WIGRAM as immaterial, the gift of a legacy under the form of a direction to pay at a future time or upon a future event, is, in his opinion, not less favorable to vesting than a simple and direct bequest of a legacy at a like future time upon a like event. The question is one of substance and not of form."

Construing the will of Anna Mary Spang from its four corners we conclude that the trust was created for the very purpose of vesting in each of her children an equal share of the income of the trust estate during the full term of the trust. In the opinion of the learned court below importance seems to be attached to the fact that the testatrix made no provision for the transmission of the share of a child who might die before the final distribution of her estate, at the death of the last surviving daughter, to the issue of such deceased child or to his or her personal representative. We do not see that this is important because it is to be presumed that the testatrix knew that such vested interest would go, at the death of one of her children, to his or her legal representatives. Therefore, if she was creating a vested interest it was wholly unnecessary to provide in such a case that it should go to the legal representative; but if she had meant what is now contended for so ably by appellee's counsel how easy it would have been to say so in a few simple words. The fact that she did not so provide is a strong argument in favor of the appellants' contention that the gift was vested. Little's App., 81 Pa. 190, appears to rule this question.

In Little's App., 117 Pa. 14, we find the question of vested and contingent interests ably discussed by Mr. Justice GREEN. In King v. King, 1 W. & S. 205, GIBSON, C. J., said: "Where the enjoyment of an entire fund is given in fractional parts, at successive periods which must eventually arrive, the distinction betwixt time annexed to payment and time annexed to the gift, becomes unimportant. In such a case, it is well settled that all the interests vest together." In the case of Patterson v. Hawthorn, 12 S. & R. 112, it was held that a bequest in the following words: "At the decease of my wife, I do allow the price of my land shall be equally divided among my two sons, A and B, and my daughters, C, D, E and F, or their heirs, in six equal parts," gave vested legacies to the first takers and one of them having died before her mother her share was given to her husband as her

administrator.    In Mull's Exrs. v. Mull's Admrs., 81 Pa. 393, a testator gave the yearly interest of a sum to his wife for life and after her death directed that "the principal shall be equally divided among all my children, or their legal heirs, if any of my children should die before such mentioned period doth arrive;" held, the legacies were vested.

It may be contended that the use of the term "heirs" in the above quotations controls the question of the vesting of the legacies, but Mr. Justice GREEN further along in the opinion in Little's App., 117 Pa. 14, explicitly says that: "The direction to pay to Dr. McComb during his lifetime and to his heirs after his death is the appropriate form of expression for transferring and delivering the gift, and we do not think it has any significance as affecting the legal character of the gift."    But this question is expressly decided in Little's App., 81 Pa. 190, where Mr. Justice PAXSON says: "In this state the use of the words heirs, executors, administrators or assigns, is not necessary to pass an absolute interest in a legacy by will.    Had the gift of this income been to Mrs. Little and to her executors, administrators and assigns, it would have been no stronger than it is with the omission of those words in the absence of any bequest over."    The latter case is cited and recognized in Lemon v. Graham, 131 Pa. 447–453, also cited and recognized in Ritter's Est., 190 Pa. 102–105.    A number of authorities on the question of vested gifts will be found in Long's Est., 39 Pa. Superior Ct. 323, and that decision was affirmed by the Supreme Court in 228 Pa. 594.

The assignments of error are sustained and the decree of the orphans' court is reversed and the record remitted for distribution on the theory that Robert W. Spang took a vested interest in the income of the trust estate under the will of his mother.