# Harned's Estate.

*Wills—Trusts and trustees—Income—Estate·pur autre vie—Survivorship.*

Testatrix left her residuary estate in trust to a trustee to pay one-third of the income thereof to her daughter Mary Jane during all the term of her natural life, one-third to her daughter Merian during all the term of the natural life of Mary Jane, and the remaining one-third to her daughter Annie, during all the term of the natural life of Mary Jane. After the death of Mary Jane she gave the residuary estate to the issue of Mary Jane, should she leave any surviving, and unto her daughters Merian and Annie, their heirs, executors and administrators for ever in equal shares. She further directed that if Mary Jane left no issue surviving, that the share which such issue would have taken should pass to and become vested in her daughters Merian and Annie in equal parts, but should either Merian, or Annie, be deceased at the time of the death of Mary Jane "then the survivor of them the said Merian and Annie, their heirs and executors, shall succeed to and be invested with the entire property." She further directed that in default of surviving issue of Mary Jane, and in the event of her daughters Merian and Annie both dying intestate and without children them surviving previous to the death of Mary Jane, then on the death of Mary Jane all the residuary estate was to go to testatrix's heirs as though she had died intestate. After testatrix's death Annie died intestate and without issue her surviving. Subsequently Merian died without issue her surviving, but leaving a will. *Held*, (1) that the estates in Annie and Merian were vested estates pur autre vie; (2) that there was a survivorship between Annie and Merian; (3) that the share of income paid to Merian in her lifetime was payable after her death

to her executor during the life of Mary Jane; (4) that the share of income payable to Annie during her lifetime passed to Merian, and was payable after the latter's death to her executor during the life of Mary Jane.

Argued Dec. 5, 1912. Appeal, No. 101, Oct. T., 1912, by Norristown Trust Company, Executor and Trustee, from decree of O. C. Montgomery Co., Sept. Term, 1911, No. 77, dismissing exceptions to adjudication in Estate of Charity Harned, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Exceptions to adjudication. Before SOLLY, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Nicholas H. Larzelere*, with him *Charles T. Larzelere* and *Franklin L. Wright*, for appellant.—Sharpless' Est., 209 Pa. 409; Wright's Est., 227 Pa. 69.

*William Drayton*, for appellees: cited, Schuldt's Est., 199 Pa. 58; Johnson v. Morton, 10 Pa. 245; Roney's Est., 227 Pa. 127; Grothe's Est., 229 Pa. 186.

OPINION BY HEAD J., July 16, 1913:

Charity Harned, the testatrix, died in 1887, leaving to survive her a husband and several children. The bulk of her estate, at the time of her death, consisted of a tract of land in Montgomery county. After a single specific bequest of clothing, wearing apparel and jewelry to three of her daughters hereinafter referred to, she devised and bequeathed all the rest and residue of her estate to her daughter Merian "upon the active and operative trust following, &c." The primary beneficiary of the trust thus created was her surviving husband. During his natural life the trustee was to pay over to him "the rents,

issues, profits and income" arising from the residuary estate. In the event of a certain contingency, which however did not happen, the trust was to terminate during his lifetime by the conveyance to him of the entire residuary estate. He died in 1890, and the provisions of the will in case the trust was not terminated in his lifetime became operative. In such event the testatrix made the following clear disposition of the entire income arising from the residuary estate during the lifetime of one of her daughters, Mary Jane Harned. Her language follows: "In trust during the natural life of my daughter Mary Jane," should she her said father survive, to pay the rents, issues, profits and interest arising therefrom as follows, to wit: "one-third part thereof to my said daughter Mary Jane for and during all of the term of her natural life; one-third part thereof to my daughter Merian during all the term of the natural life of the said Mary Jane, and the remaining one-third part thereof to my son Lewis M. Harned, Jr. (for whom throughout the entire will a daughter, Annie Arnold, is substituted by the codicil) during all the term of the natural life of the said Mary Jane." The daughter, Mary Jane, who thus took a life estate in the undivided one-third of the rents and profits of the residuary estate, is still living, unmarried and childless. So far as she is concerned, no question as to the distribution of the one-third of the income can arise while she lives. As to the remaining two-thirds, given respectively to Merian and Annie Arnold, it is equally clear that their estates were pur autre vie, their sister, Mary Jane, being cestui que vie. These estates vested in the parties named respectively, and unless they have been divested by some later clause of the will, it would seem to be clear that the distribution of the income during the life of Mary Jane must follow in the line of the estates thus vested.

Annie Arnold, one of the tenants pur autre vie, died in 1905, intestate and without issue. Merian, the other like tenant, died in 1911, unmarried and childless but testate, and the executor and trustee under her will is the present

appellant. The controversy arises over the distribution of two-thirds of the income accruing since the death of the said Merian. The learned court below held that the will made no provision for the disposition of this income during the period that would elapse between the death of the last of the two daughters named and that of Mary Jane which would fix the termination of the trust; that as a consequence there was a partial intestacy and that the two-thirds of the income during the period named must be distributed to the next of kin of the testatrix.

In the light of the provision of the will we have already quoted, which bequeathed these shares of the income during the period of the life of Mary Jane, who yet survives, it is difficult to see on what ground the conclusion that there was a partial intestacy now existing can securely rest. We can find nowhere in the will any language evincing an intent on the part of the testatrix to cut down or divest the estates pur autre vie, given respectively to Annie Arnold and Merian Harned. That these were vested estates we can see no room to doubt. In this respect Little's Appeal, 81 Pa. 190, is clearly in point. The reasoning of Leech's Estate, 228 Pa. 311, is along the same line. In Dillin's Estate, 18 Pa. Dist. Rep. 420, Judge PENROSE, whose opinion in such matters is always entitled to great weight, said: "The beneficiaries are equitable tenants pur autre vie, and death in the lifetime of the cestui que vie does not, of course, terminate their estates, which pass to their assignees, if they have made assignments, and to their personal representatives if they have not: Little's Appeal, 81 Pa. 190." As to the one share of the income in question then, to wit, that which was given to Merian Harned during the life of her sister Mary Jane who yet survives, it seems clear to us that the appeal of the executor of the said Merian must be sustained and that this share of the income must be paid to that executor and trustee during the remainder of the life of the cestui que vie.

But the appellant claims not only the one-third of the

income which had been expressly given to its testatrix Merian, but also the remaining third which had been bequeathed to her sister Annie Arnold. To ascertain the correctness of this contention we must examine the further provisions of the original will. Having, as we have already seen, disposed of all of the income from the residuary estate during the lifetime of Mary Jane who yet survives, the testatrix, in the third paragraph of her will, proceeds to dispose of the corpus of that estate. "Third:—From and immediately after the death of my said husband and of my said daughter Mary Jane, then I do give, devise, &c. all the estate and property (the residuary estate) unto any the issue of the body of my daughter the said Mary Jane, should she leave any such her and him my said husband surviving, and unto my daughter Merian and unto my daughter Annie Arnold, their heirs, executors and administrators, forever in equal parts share and share alike, except that such issue of the said Mary Jane, if any, are to take per stirpes and not per capita." Had the will closed at this point, there would have been but little room for contention. The income of the trust estate had been expressly disposed of during the life of Mary Jane, and on and after her death the corpus was just as clearly disposed of in the language we have quoted. The testatrix then proceeds to make a devise over of the one-third which she had just given to the issue of her daughter Mary Jane, if any, such devise being predicated on the failure of any issue surviving that daughter. Should there be no such issue of the body of my said daughter Mary Jane living at the time of the death of my said husband and at the time of the death of my said daughter Mary Jane or the survivor (of these two), then the part or share which such issue would have taken, had there been any such living at the time of the death of such survivor, shall pass to and become vested in my said daughter, the said Merian, and my daughter, the said Annie Arnold, their heirs, &c. forever in equal parts, share and share alike." Down to this point again we have clearly the intention of the testatrix.

The income to the three sisters for and during the life of Mary Jane who yet survives, the principal over on her death to the two favored sisters and the issue, if any, of the said Mary Jane and a devise over of this one-third again to the two favored sisters upon the failure of such issue.

Next follows the clause on which the appellant predicates its right to receive the share of the income given to the daughter Annie Arnold, on the ground that its testatrix Merian Harned, having survived her sister Annie by some years, took by reason of such survivorship the share in both income and principal given and devised to the said Annie. We quote: "Should either my daughter the said Merian or my daughter the said Annie be deceased at the time of the death of my said husband, and of my daughter Mary Jane, then the survivor of them, the said Merian and Annie, their heirs, executors, &c., shall succeed to and be invested with the entire property real and personal or its proceeds or investments, in said (second) clause mentioned, absolutely in fee simple." Standing alone, the construction of this paragraph is not free from doubt. It is contended with some force that the right of survivorship therein mentioned should only accrue in the event that one of the two daughters should survive both the husband and the daughter Mary Jane. As already stated, the daughter Merian did survive the husband and her sister Annie but died before the cestui que vie, Mary Jane. Much light we think is shed on the intent of the testatrix, in the use of the language quoted, by the succeeding fourth paragraph of her will, to wit: "And in default of such living and surviving issue of the body of my said daughter Mary Jane and in the event of my said daughter Merian and my said daughter Annie both dying intestate and without children, them surviving, previous to the death of my said husband and previous to the death of my said daughter Mary Jane, then on the death of the survivor of them my said husband and my said daughter Mary Jane I do give, devise &c. all the property mentioned

in the second clause hereof or its proceeds &c. unto my right heirs as though I had died intestate." From this language it is apparent that the whole scheme of the testatrix was to exclude, from any share of her estate, those of her children other than the favored ones whose names have been so frequently mentioned, except after the death of all three of them without issue, and the further event that both Merian and Annie should predecease their sister Mary Jane and die intestate. The reason for the exclusion of the remaining children of the testatrix, except upon the remote contingency we now have reached, is to be found in the fifth paragraph of her will wherein she declares that she has omitted giving them anything because "I consider they either are now or have been heretofore sufficiently provided for."

Now although the daughter Merian did not survive her sister Mary Jane and did not leave any issue her surviving, she did die testate. What significance is to be attached to the provision of the will that it was only in case she should die intestate as well as childless that the devise over to the next of kin was to become operative? We can discover no other meaning than that there was at least an implied power of appointment given to this favored daughter and that her testamentary disposition of her share in her mother's estate would provide substitutionaries for herself, within the contemplation of the testatrix, who should stand in her stead and succeed to the rights that would have been hers had she survived the cestui que vie or left issue surviving herself.

If this be the true construction, then the intent of the testatrix, so plainly manifested throughout her entire will, to confine her bounty to the favored daughters, their issue or their appointees by will, is effectuated. A partial intestacy against which there is a strong legal presumption is avoided. No accumulation of income that might be obnoxious to the statute is created, and all of the provisions of the will taken together would constitute a harmonious whole. For these reasons we must conclude the

learned court below fell into error in awarding to the next of kin of the testatrix the income accruing on the two shares during the life of Mary Jane Harned. It should have been awarded to the appellant trustee under the will of Merian Harned, deceased.

The decree is reversed and the record remitted with direction to make distribution in accordance with this opinion. The costs of this appeal to be paid by the appellees.