## Lewis's Estate.

*Wills — Construction — Children and grandchildren—Gift to class—Survivorship.*

Where a testator, by his will, gives his estate in trust for his four daughters for life, with remainder of each daughter's income to her issue, if any; but by codicil directs that, on the death of a daughter leaving issue, one-eighth of her share of income shall be paid to each of her children and the residue to his surviving daughters, and one of the daughters dies, leaving two sons, and thereafter one of the sons dies, the surviving son does not take his brother's share of the income, but such share goes to testator's surviving daughter.

Exceptions to adjudication of Gest, J. O. C. Phila. Co., April T., 1883, No. 610.

*Francis Smyth* and *H. Gordon McCouch,* for exceptions.

*Robert Dechert,* contra.

VAN DUSEN, J., Nov. 23, 1927.—Testator by his will gave his property in trust for his four daughters for life, with remainder of each daughter's income to her issue, if any. By codicil he recited that he believed a stirpital division unjust which gave the parent's share to her children without regard to the number of children each might have, and he modified the will by providing that on the death of a daughter leaving issue, one-eighth of her share of income should be paid to each of her "children" and the residue of income to her surviving sisters. One daughter had eight children. .The trust is to continue until all the daughters are dead, and there is a disposition of principal, with which we are not now concerned.

A daughter died leaving two children, Jacob and Herman, and on a prior adjudication each was awarded one-eighth of the mother's income. Jacob has died without issue, and Herman claims Jacob's eighth on two grounds:

1. That there is survivorship among the children of a daughter. It is said that the gift in the will is to a class—the issue of a daughter—and that there is survivorship among such a class in the sense that on failure of one grandchild and his issue, the share of such branch goes to the others (citing Rowland's Estate, 141 Pa. 553) ; and, further, that the division into eighths only determines the size of the share which shall go into each daughter's branch, and does not alter what would otherwise be the devolution of the share so ascertained. With the latter part of the argument we do not agree. The testator has in effect said that one-eighth is enough for each grandchild, no

matter how many brothers and sisters he may have, and that all the rest is to go to his daughters, the primary objects of his bounty. If the accidental circumstance that a grandchild may have many or few brothers and sisters is not to affect his share, neither is the accidental circumstance to do so that he once had brothers and sisters who have dropped out. By his clearly-expressed reasons, and by his gift of a specified share to each branch of the class, the testator has denied survivorship among the class.

2. That Jacob had an estate *pur autre vie* until the end of the trust, which has passed by his will and by assignment from the beneficiary thereof to Herman. Little's Appeal, 81 Pa. 190, is cited to support this view. That case concerned a gift of a separate fractional share of income to each of two sisters until the death of one of them, with no gift over, and it was held that the other sister took an estate *pur autre vie*. But in the present instrument we have a disposition of the "residue" of the income to testator's surviving daughters after an eighth is "paid to, or, if minors, for the use and benefit of each of her (the daughter's) said children," and this picks up and carries with it what might otherwise be undisposed of, thus denying the estate *pur autre vie* or intestacy, which might otherwise follow.

The Auditing Judge, therefore, correctly awarded Jacob's share of income to testator's sole surviving daughter. The exceptions are dismissed and the adjudication is confirmed absolutely.