Lentz Estate

*Paul A. Davis, Smillie, Bean, Davis & Tredinnick,* and *Saul, Ewing, Remick & Saul,* for accountant.

*High, Swartz, Roberts & Seidel, Schnader, Harrison, Segal & Lewis, Smith, Cahall & Aker, Cuthbert H. Latta, Robert E. Porter, Roland Fleer, Greenwell, Porter, Smaltz & Royal,* and *Milton Jacobson,* for claimants.

Taxis, P. J., June 16, 1961.—The reason or purpose of the filing of the account now before the court is the death of William O. Lentz, 2nd, income beneficiary. He died September 26, 1960. . . .

The transfer inheritance tax has been paid.

The trust was created by the fourth item of decedent's will, which gave his residuary estate to the accountant in trust to use and apply out of the income therefrom a sum not exceeding $4,000 per annum for

the proper upkeep and care of the buildings and grounds of his property known as "West Wood" so long as it be occupied by his wife, Frances Edna Brooks Lentz, as a residence (and it is still so occupied), and to pay over the balance of the net income periodically, two-thirds thereof unto his wife for the use of herself and the support of his sons, Horace and Francis, and the other one-third unto his son, Lafayette, during the life of settlor's wife. Upon the death of settlor's wife, such income is to be distributed equally among the three children of decedent "until the youngest child of mine who shall live to attain the age of twenty-one years shall attain such age," whereupon the principal of the residuary estate is to be distributed "unto my descendants to be divided among them per stirpes and not per capita."

Decedent provided that in the event of the death of his son, Lafayette Lentz, prior to the distribution of the principal:

"I direct that the share of the income from my said residuary estate, which would be payable unto my said son, La Fayette Lentz, if living, be paid over and distributed equally share and share alike unto my grandchildren, Josephine E. Lentz and William O. Lentz, during the continuance of the trust of my said residuary estate as in this my Will set up and established."

Decedent died November 16, 1925, survived by three children, Lafayette, Horace and Francis, and his wife, Frances Edna Brooks Lentz. His son, Lafayette, died March 4, 1957, survived by two children, Josephine Lentz Fair and William O. Lentz, 2nd. William O. Lentz, 2nd, died September 26, 1960, survived by a son, John William Lentz, and his wife, Ruth Beecher Lentz. Decedent's widow, Frances Edna Brooks Lentz, and decedent's children, Horace and Francis, are still living and the youngest child of testator has reached the age of 21. The trust continues.

There is no specific provision in the will covering the disposition of the share of the income which was formerly payable to William O. Lentz, 2nd, and this court must now decide who is entitled thereto. The executrix of the estate of William O. Lentz, 2nd, claims the income for the benefit of that estate. John William Lentz claims that income is payable to him. The matter is a difficult one, for strong and persuasive arguments have been presented on both sides of the question.

The claim of the estate of William O. Lentz, 2nd, is that where income is payable to a named person pur autre vie, and the income beneficiary dies before the termination of the trust, there is a vested interest in the income beneficiary which passes to his estate.

Numerous cases are cited in support of this proposition: Gordon Estate, 360 Pa. 325; Long's Estate, 228 Pa. 594; Ritter's Estate, 190 Pa. 102; Little's Appeal, 81 Pa. 190; Bechtel's Estate, 85 Pa. Superior Ct. 14; McGlinn's Estate, 77 Pa. Superior Ct. 582; Spang's Estate, 49 Pa. Superior Ct. 314; and Hildebrant v. Hildebrant, 42 Pa. Superior Ct. 190. Although it is true, of course, that none of these cases are exactly similar to the present case, there are no distinguishing features which would weaken their authoritative value. On the contrary, much of the reasoning used by the courts is directly applicable. In Long's Estate, supra, the court stated that the fact that the will made no disposition of the shares of the residuary estate in case of the death of an income beneficiary prior to the time fixed for final distribution was a "very influential consideration" in support of the vested character of the legacies. The absence of a gift over was emphasized in Little's Appeal, supra; Bechtel's Estate, supra, and Spang's Estate, supra.

The claim of John William Lentz is founded on the proposition that the will prescribes a per stirpes dis-

tribution among issue in the Lafayette Lentz branch of the family. Testator had been married twice. By his first wife he had one child, Lafayette Lentz. By his second wife, he had two children, Horace Lentz and Francis Lentz. All three children were living when he wrote his will. Therefore, it is argued that it was quite natural for him to think in terms of thirds: One-third for the first branch of his family, since it had only one child, and two-thirds for the second branch of his family since it had two children. It was equally natural for testator to make Lafayette a beneficiary ahead of his half brothers; for his mother was dead, whereas theirs was living.

Milton Jacobson, Esq., was appointed guardian ad litem and trustee ad litem as set forth in note of his appearance. Mr. Jacobson filed a report in which he contended that income should be payable to John W. Lentz and not to the estate of William O. Lentz, 2nd.

John William Lentz admits that, standing alone, the last paragraph of the fourth item of decedent's will, quoted above, would create an estate pur autre vie and would be governed by the general rule stated in Wood's Estate, 321 Pa. 497, 503, as follows:

". . . Where it appears from the will that gifts of income were intended to be gifts to individuals as such, and not as a class, the share of an individual dying before the time for principal distribution will pass to his personal representatives, unless specifically restricted to a life interest. . . ."

It is argued, however, that the will in the present case evinces an intent contrary to the general rule, and that such an intent, if present, is controlling notwithstanding any conflicting general rule: Walker Estate, 376 Pa. 16; Trainer's Estate, 120 Pa. Superior Ct. 149.

Trainer's Estate, supra, is a case similar to the present case except for the fact that there was a class gift.

The will there provided for distribution of net income among "the then remaining children." The court notes:

"This language is explicit, and means that the income was to be divided between his children as a class —not as individuals by name." In the present case the gift to William O. Lentz, 2nd, is by name only and is to be paid over to him "during the continuance of the trust." Cascaden's Estate, 153 Pa. 170, is also a class gift.

It is argued that if the trust were to terminate today, John W. Lentz, as William's only issue, would take the one-sixth share of principal that would have gone to William if he were living and testator intended the income distribution to accord with the principal distribution (see Drexel Estate, 19 D. & C. 2d 735), that the will manifests a general per stirpes intent (see Rouse Estate, 369 Pa. 568) and that since William O. Lentz, 2nd, was a mere substitute for his father, his rights are no higher than his father's; and, since his father's rights were conditioned on being alive at the time of distribution, William's rights were subject to the same condition. In addition, the exclusion of estates of deceased persons is the ordinary intention of a testator: McCrea Estate, 78 D. & C. 145.

The court has considered all of these arguments, which bear upon the proper determination of testator's intent, and cast some doubt in the matter of interpretation, even though the last paragraph of the fourth item of decedent's will, quoted above, would create an estate pur autre vie if read by itself. However, the solution urged by the estate of William O. Lentz, 2nd, is supported by the rules of construction. As stated in Long's Estate, supra, " '. . . In cases of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of a vested, rather than a contingent one; of the primary, rather than the sec-

ondary intent; of the first, rather than the second taker, as the principal object of the testator's bounty . . .' ": 228 Pa. 599. Furthermore, under the general rule stated in Wood's Estate, supra, the solution urged by the estate of William O. Lentz, 2nd, must be adopted unless there is a *specific* restriction of the interest of the income beneficiary.

The court believes that any doubts should be resolved in favor of an absolute estate in William O. Lentz, 2nd, and, therefore, the court finds that William O. Lentz, 2nd, had a vested interest in his share of the income and that it, therefore, passes to his estate which is entitled to his share of the income until the termination of the trust. . . .

And now, June 16, 1961, this adjudication is confirmed nisi.