## Dillin's Estate.

*Wills—Trusts and trustees—Real estate—Distribution.*

Testatrix gave her real estate in trust to pay the income in equal shares to her two daughters for their respective lives; upon the death of either, the income to which she would have been entitled if living was to be paid to her children, and the issue of deceased children, until the death of the survivor; upon the death of that survivor, the real estate was to be sold and the proceeds divided, one-half among the children and issue of deceased children of one daughter, and one-half among the children and issue of deceased children of the other. The two daughters survived the testatrix. After the death of one of them the real estate was sold, and the proceeds came into the hands of the trustees. *Held*, that one-half of the proceeds from which the income of the deceased daughter had been derived could not be distributed even with the consent of the surviving daughter, until the surviving daughter herself died.

Argued Dec. 21, 1910. Appeal, No. 254, Oct. T., 1909, by Elizabeth R. Perry, from decree of O. C. Phila. Co., April T., 1889, No. 404, dismissing exceptions to adjudication in Estate of Elizabeth R. Dillin. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the fund for distribution was the proceeds of certain real estate of which

Elizabeth R. Dillin died seized, and which by the terms of her will she left in trust for her two daughters, Anna D. Rousseau and Sarah M. Swayne. After the death of Mrs. Rousseau the real estate was sold and the proceeds thereof held by the Union Trust Company as trustee. The trustee was cited to file an account by one of the heirs of Mrs. Rousseau in order to secure a distribution of the one-half of the estate which had been left to the trustee for the benefit of Mrs. Rousseau and her children.

LAMORELLE, J., filed the following adjudication:

Briefly stated, testatrix gave her real estate in trust to pay the income in equal shares to her two daughters, Anna D. Rousseau and Sarah M. Swayne, for their respective lives; upon the death of either, the income to which she would have been entitled if living was to be paid to her children, and the issue of deceased children, until the death of the survivor; upon the death of that survivor, the real estate was to be sold and the proceeds divided, one-half among the children and issue of deceased children of one daughter, and one-half among the children and issue of deceased children of the other.

Anna D. Rousseau, one of said daughters, died September 29, 1888.

Sarah M. Swayne, the other, is living.

It is obvious that one trust only was intended and that but one was created; further, that it was the intention of the testatrix that there should be no division of the corpus until the death of the survivor of her two daughters, and that such division should be made among the then living grandchildren and the issue of those then deceased.

This thought is expressed in language that is clear and unmistakable. The case cannot in principle be distinguished from Aubert's App., 119 Pa. 48, and Wilen's App., 105 Pa. 121, and is ruled by them; Carstensen's Est., 196 Pa. 325, and Safe Deposit & Trust Co. v. Wood, 201 Pa. 420, do not apply.

The assent of Sarah M. Swayne that the corpus may

now be divided is not in itself enough; the assent of all the remainder-men is necessary; and who will be the remainder-men cannot be determined until the time of her decease, at which time there is a possibility that there may be no living issue of either Anna D. Rousseau or Sarah M. Swayne, or of both; in fact, those then entitled may not be identical with those who could now assent or acquiesce.

It is equally clear that upon the death of Anna D. Rousseau, her then living children and the issue of those deceased became entitled to the income which, had she lived, she would have continued to receive; and that when and if thereafter any of the children died, their issue took; if they died childless, the income was to be divided among the remaining children and the issue of those deceased.

Such is the scheme of the will. Testatrix realized that one of her daughters would, in the natural course of events, predecease the other, and that, if no disposition of that share of the income were made, it would fall into the residue of her estate and pass under the residuary clause; accordingly, to protect those who were to take the one-half of the corpus upon the termination of the trust, she gave them the income accruing in the interim; it was not a question of vesting at all; she simply designated by description the parties who were to take, and there is nothing in the will which even suggests that the income shall go in a channel different from the ultimate destination of the principle.

It is difficult, however, if not impossible, to tell from the account, even as restated, how and to whom, and in what proportions, the income (except as to Sarah M. Swayne) has been paid out.

It appears from the petition for distribution that Anna D. Rousseau left six children surviving her; two died without issue; two died leaving issue, in each case, one child, of whose estates guardians have been appointed; one is alive, Elizabeth R. Perry; and as to the remaining one, Alfred C. Rousseau, no information is given, save that he assigned his share.

The auditing judge is of opinion, and so decides, that each child was entitled to the income during his or her life; that upon his or her death, his issue took; that if childless, the share was to be divided among the remaining children and issue of those deceased; and that the share of Alfred C. Rousseau, which he assigned, was limited to what he would have received, had he lived, and that, if dead, that which had been paid to his assignee after his death, should have been distributed as hereinbefore set forth.

The principal, $6,124.01, less clerk's costs $14.00 (cost of filing and affidavit to previous account, deducted from principal, in accordance with the ruling of Judge DALLETT as to other costs), is to be retained by the accountant for the purposes of the trust.

The net income, $5,542.46, plus clerk's costs $14.00 (hereinafter referred to) to wit, $5,570.46, is directed to be distributed in accordance with this decree, credit being allowed for all payments heretofore properly made.

As the only reason for this accounting (following so closely upon the first account) is to enable the children and descendants of Anna D. Rousseau to ask that the trust be set aside so far as their respective interests are concerned, it is eminently proper that the costs of filing account and affidavit $14.00, clerk's costs $15.00, cost of a certified copy of adjudication $3.00, and counsel fee $50.00 (acquiesced in by Mr. Miller) should be taken from the share of the income to which those descendants are entitled, and it is accordingly so decreed. The accountant will accordingly prepare a schedule of distribution of income in conformity with this adjudication.

Exceptions to the adjudication were in part dismissed by the court, PENROSE, J., filing the following opinion:

Had the trust created by the will of the testatrix been intended only to secure to the survivor of her two daughters the full enjoyment of one-half of the income of the entire trust estate so long as she lived, the protection thus

afforded might, under the principle of the familiar maxim, have been waived, and there would then have been no obstacle in the way of the present distribution of one-half of the corpus of the estate; but there was another, and no less important purpose: She has, in terms, deferred the distribution of the principal of the estate until the death of the survivor of the daughters, and until then it is uncertain whether the persons to whom it will go will be the children, grandchildren, or more remote descendant of the first takers. Whether the estates are now contingent, in the strict technical sense of the term, vested, subject to be divested, is immaterial: in either case there are possible future interests, and the trust is required for their protection.

When the interest of a distributee, presently entitled to distribution, is vested, subject to be divested by a future event, an act of assembly requires that before receiving the subject of the gift he shall give security to protect the right of the person or class to whom it is to go if the divesting event should happen; but where, as here, the protection is afforded by a trust the trust cannot be superseded or annulled by the substitution of any other kind of security: Watson's App., 125 Pa. 340; Mooney's Est., 205 Pa. 418.

The will provides that at the death of one of the two cestui que trusts, her share of the income, as it may thereafter become due in the lifetime of the other, shall "be paid to her children and the issue of any of her deceased children." The persons who are then to receive it are clearly defined and determined. There is no restriction or limitation over, and the beneficial interests last until the termination of the trust, viz., until the death of the survivor of the original cestui que trusts. The beneficiaries are equitable tenants pur autre vie, and death in the lifetime of the cestui que vie does not, of course, terminate their estates, which pass to their assignees, if they have made assignments, and to their personal representatives if they have not: Little's App., 81 Pa. 190. Of

course, where, as in Rowland's Est., 141 Pa. 553, 151 Pa.
25, the income of the estate is given to a series of cestui
que trusts, children, grandchildren, etc., of the testator,
and at their successive deaths, to the survivors and the
issue of those who have died, until the death of the last
survivor, a different principle may apply in order to avoid
confusion and inconvenience which would otherwise re-
sult. A "somewhat strained construction is permissible"
where an absurdity, or inconsistency with the general
intent as disclosed by the entire will, might otherwise
result: but there is no such complication in the case before
us; the words of the will are free from ambiguity, and the
principle of Little's Appeal, supra, clearly governs.

The exceptions are sustained to the extent indicated
by this opinion, and the adjudication modified accord-
ingly.

*Errors assigned* were in dismissing exceptions to adjudi-
cation.

*E. Spencer Miller*, for appellant.—The interest of the
estate represented by the appellant, is vested absolutely:
Muhlenberg's App., 103 Pa. 587; Reed's App., 118 Pa.
215; Patterson v. Hawthorn, 12 S. & R. 112; Schriver v.
Cobeau, 4 Watts, 130; Frame v. Stewart, 5 Watts, 433;
King v. King, 1 W. & S. 205; Fulton v. Fulton, 2 Grant
(Pa.), 28; Minnig v. Batdorff, 5 Pa. 503; Johnson v.
Morton, 10 Pa. 245; Letchworth's App., 30 Pa. 175; Cres-
son's App., 76 Pa. 19; Chew's App., 37 Pa. 23; Ross v.
Drake, 37 Pa. 373; Womrath v. McCormick, 51 Pa. 504;
McBride v. Smyth, 54 Pa. 245; McClure's App., 72 Pa.
414; Mull v. Mull, 81 Pa. 393; Robert's App., 59 Pa. 70;
Middleton's Est., 212 Pa. 119.

The circumstances render a further deferring of pos-
session an undue postponement: Shallcross's Est., 200
Pa. 122; Bennett's Est., 41 Pa. Superior Ct. 579; Wilen's
App., 105 Pa. 121; Aubert's App., 119 Pa. 48; McCallum's
Est., 211 Pa. 205.

*Henry Wiener, Jr.*, for appellee, cited: Wilen's App., 105 Pa. 121; Aubert's App., 119 Pa. 48; Carstensen's Est., 196 Pa. 325; Safe Deposit & Trust Co. v. Wood, 210 Pa. 420; Cascaden's Est., 153 Pa. 170.

OPINION BY MORRISON, J., July 13, 1911:

Elizabeth R. Dillin, by her last will and testament, devised the whole of her real estate to a trustee, directing that it be held during the lifetime of the survivor of her two daughters, but at her death it should be sold. Anna D. Rousseau, one of said daughters, died September 29, 1888; the other, Sarah W. Swayne, is still living. Mary J. Clark, whose administratrix, Elizabeth R. Perry, has prosecuted this appeal, was a daughter of Anna D. Rousseau. Mary J. Clark died in 1892 leaving no issue. Her share of the proceeds of the sale of the corpus is claimed for her estate, as not subject to be postponed, in the circumstances existing, until the death of Sarah W. Swayne. The latter gave her written consent to the disbursement of that part of the corpus.

The court below denied this claim in favor of Mrs. Clark's estate and this decree is assigned for error.

In very plain and clear language Elizabeth R. Dillin, in dealing with her realty as the body of her whole estate, devised it to a trustee, directing that it be held unsold during the lifetime of the survivor of her two daughters, but at the death of such survivor it should be sold. It seems to be conceded that for reason or reasons, not made known to us, this plain direction of the will that the corpus of the estate should not be sold till after the death of both daughters of testatrix was disregarded. The learned counsel for appellant, in his printed argument, says: "The present question could not have arisen but for the circumstances, certainly unforeseen by the testatrix, that, under an order of the orphans' court, made because of certain conditions arising after testatrix's death, all the real estate was sold, prior to the death of the survivor of testatrix's two daughters."

We are unable to see that the violation of the plain terms of the will, by selling the real estate under a decree of the orphans' court during the lifetime of one of the daughters, will now justify the distribution of the proceeds of said sale, during the lifetime of one of said daughters. Let us assume, as we now must, that such sale of the real estate was in some manner justified, and that it passed title to the real estate and converted the corpus of the trust into money, then why does not the trust remain in full force as to the fund derived from said sale? In our opinion, the fact of said sale furnishes no reason why the said fund, or any part of it should be distributed, during the lifetime of Mrs. Sarah W. Swayne, even with her consent. When a testatrix creates so plain a trust as the one under consideration we are not disposed to disregard her direction for the reasons so ably advanced by the distinguished counsel for appellant. While his argument is able it leaves us unconvinced that the adjudication of the auditing judge, as modified by the opinion of PENROSE, J., on the exceptions, is not correct, and on a painstaking consideration of said argument and authorities cited, we do not see our way clear to a modification or a reversal of the decree.

Upon the opinion and facts found by the auditing judge, as modified by the decree and opinion of PENROSE, J., the assignments of error are dismissed and the decree is affirmed at the costs of the appellant.

RICE, P. J. and HENDERSON, J., dissent.