### Morris's Estate.

*Wills—Construction—Survivorship—Children living at death of testator.*

1. Words of survivorship in a will refer to the death of the testator, unless a contrary intent is clear from the will itself.

2. A gift of real estate to a wife with direction that after her death it should be "equally divided between testator's surviving children each to share and share alike," shows an intent to give the property to the sons and daughter who survived at testator's death, and not to those merely who might be living at the time of the widow's death.

3. In such case the children of testator's children who survived him, are entitled to share in the distribution on the death of the widow.

4. A direction in such a will that the property should not be mortgaged, "but still remained clear of any incumbrance, as it now stands," applies to the period between the death of testator and that of his widow, and is intended to preserve the property for the bene-

fit of the widow for her life, and at her death to secure it to the sons and daughters living at the time of testator's death "as it now stands."

Argued February 16, 1921. Appeal, No. 274, Jan. T., 1921, by John L. Morris, from decree of O. C. Schuylkill Co., making distribution on inquest in partition, in estate of Ebenezer Morris, deceased. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for inquest in partition. Before WILHELM, P. J.

The opinion of the Supreme Court states the facts.

The court distributed the fund to the surviving two sons and daughter of the testator, and to the heirs of the deceased three sons and two daughters. John L. Morris, a son of testator, appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*M. J. Ryan,* for appellant.

*R. P. Swank,* for appellees, was not heard.

PER CURIAM, March 21, 1921:

Ebenezer Morris died December 31, 1892, and by his last will disposed of his real estate as follows: "I give unto my beloved wife all my real estate and personal property of whatsoever nature, kind or effect the same may be at the time of my demise with the exception of such as is hereinafter mentioned to her own proper use and benefit and after her death all my real estate and personal property shall be equally divided between my surviving children each to share and share alike." Testator was survived by his widow and five sons and three daughters. The widow died April 13, 1915. Between the date of the death of testator and that of his widow

three sons and two daughters died, each of whom was survived by heirs-at-law.

All parties in interest agreed that the real estate, the title to which is in controversy, should be sold and the fund realized distributed among those legally entitled to participate. The question for determination is "whether or not the words 'surviving children' in decedent's will include grandchildren and heirs-at-law of deceased children."

The court below held the words referred to meant those surviving at testator's death, that such was the intention of testator, and distributed the funds in equal shares one-eighth each to the two surviving sons and daughter and one-eighth each to the heirs of the three deceased sons and two daughters. A surviving son appealed claiming the entire fund should be distributed to the two sons and daughter who survived at the death of the widow.

In view of many decisions of this court to the contrary, appellant's contention cannot be sustained. We need only refer to two cases Woelppers's App., 126 Pa. 562, and Anderson's Est., 243 Pa. 34. In the latter case this court said (page 41): "We agree with the appellant's contention that it is a general canon of construction that words of survivorship in a will refer to the death of the testator. But this should not be held to be a hard and fast rule that cannot be changed by the instrument itself. It must always be subject to the intention of the testator as disclosed by the language of his will. It is a cardinal rule that the actual intent of the testator must prevail when it can be ascertained, and it follows that words of survivorship will relate to the death of the life tenant instead of the death of testator if such intent is clear from the will itself." That testator in this case intended the sons and daughters who survived at his death should take the real estate seems clear, otherwise he would have said "divided between my children who survive their mother" or words of similar import.

The provision contained in a later item of the will expressing "my desire and request that my real estate shall not be mortgaged by any of my surviving heirs for any purpose whatsoever, but shall remain clear of any incumbrance, as it now stands." was evidently intended to apply to the period existing between the death of testator and that of his widow and to preserve the property intact within the family until her death for her benefit during her life and at her death secure it to the sons and daughters living at the time of his death "as it now stands." We find nothing in the will indicating an intention on the part of testator to give, the property to those only of his sons and daughters who might be living at the time of the widow's death.

The decree is affirmed at the cost of appellant.