# Harned's Estate.

*Wills—Construction—Life estate—Remainders—Survivorship—Estate per autre vie.*

1. Where a testatrix gives her estate in trust to her husband for life and upon his death one-third thereof to one daughter for her life and the remaining two-thirds to two other daughters for the life of the first, she may also create a survivorship as between such two daughters.

2. If testatrix directs that, upon the first daughter dying without issue her surviving, and in the event of the other two daughters dying intestate and without children them surviving, the estate shall go to the testatrix's heirs at law, the gift to the heirs does not take effect if it appears that both of the two daughters died in the lifetime of their sister, one intestate and without issue, but the other testate and without issue.

3. In such case each of the two daughters had an implied power of appointment by will, and one having died leaving a will by which she gave her interest to her sister, who, however, predeceased her, for life, and then over to nieces, such nieces, after the death of the first sister, are entitled to take, on final distribution, as against the heirs of testatrix.

*Res adjudicata—Construction of will by Superior Court—Income—Principal—Adoption of construction of will by Supreme Court.*

4. While a decision of the Superior Court on a question of the distribution of income under a will, may not be res adjudicata on a question of distributing the corpus of the estate, yet such construction, if applicable and proper, will be adopted by the Supreme Court in distributing the principal.

Argued January 30, 1922. Appeals, Nos. 186 and 233, Jan. T., 1922, by Helen H. White, for herself and as administratrix of estate of Annie B. Arnold, deceased, from decree of O. C. Montgomery Co., Jan. T., 1921, No. 43, dismissing exceptions to adjudication, in estate of Charity Harned, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before SOLLY, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed: 37 Montgomery Co. R. 181. Helen H. White, for herself and as administratrix of estate of Annie B. Arnold, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*William M. Boenning,* with him *Francis M. Gumbes,* for appellant.—Annie and Merian each had a vested one-

third in the principal of this estate, which was increased by the subsequent proviso to a one-half interest each, as Mary Jane died without issue: Burkley v. Burkley, 266 Pa. 338; Bair's Est., 255 Pa. 169; Jennings's Est., 266 Pa. 60; Kohl v. Kepler, 266 Pa. 522; Hood v. Maires, 255 Pa. 128.

That testatrix meant to assist Merian and Annie as far as possible, as they were her dependent children, is manifest, but the helping was to be to them as a living survivor and not to benefit others unrelated to testatrix, in preference to her other children.

If the word "survivor" does not clearly refer to the death of testator, it refers either to the period of distribution, arrival of one at a certain age or the fulfillment of a condition: Schuldt's Est., 199 Pa. 58; Harned's Est., 54 Pa. Superior Ct. 47.

Supporting the contention that the survivorship can only apply at the expiration of the trust fixed by the will, we refer to McClintock v. Cowen, 49 Pa. 256; Goldstein v. Hamill, 49 Pa. Superior Ct. 39; Kennedy's App., 60 Pa. 511.

Where there is gift in fee, the addition of a power of appointment is surplusage: Pratt v. McCawley, 20 Pa. 26; Physic's App., 50 Pa. 128; Dodson v. Ball, 60 Pa. 492; Shallcross's Est., 13 Phila. 374.

*Nicholas H. Larzelere,* with him *Charles Townley Larzelere* and *Franklin L. Wright,* for appellees.—The estates vested in Annie and Merian were not disturbed by their deaths prior to Mary Jane, provided the survivor of the two had complied with the fourth clause and left a will disposing of the estate: Little's App., 81 Pa. 190; Leech's Est., 228 Pa. 311; Dillin's Est., 18 Pa. Dist. R. 420; Burkley v. Burkley, 266 Pa. 338; Jennings's Est., 266 Pa. 60.

OPINION BY MR. JUSTICE SADLER, March 6, 1922:

Charity Harned died on December 31, 1887, leaving to survive a husband and seven children. Her will, with

a codicil attached, was probated, and a construction of its provisions is necessary to a solution of the present controversy. The entire estate was placed in trust for the benefit of the husband for life, with the direction that he should receive the corpus of the fund in case he recovered from the pecuniary embarrassment under which he then labored. This condition did not arise, and at the time of his death the trust was still operative. The difficulties, now the subject of consideration, have no relation to the interest acquired by him, but to the shares which passed upon his decease to three of the daughters.

An examination of the will as a whole clearly indicates an intention to dispose of the entire estate amongst those who are the objects of the testatrix's bounty, and it was only in case of the happening of an apparently unexpected contingency,—which will be noted hereafter,—that any portion was to pass under the intestate laws. Further, it appears that only three of the children are to share in the property after the father's death. As to the remaining four, it is expressly declared, in paragraph 5, that three are omitted from consideration in the distribution, because "they either are now or have been, heretofore, sufficiently provided for otherwise." A fourth is excluded, by the terms of the codicil, by reason of unsatisfactory conduct, and the provision for him in the will is transferred to his sister Annie.

Of the three daughters,—Mary Jane, Merian and Annie, named as beneficiaries,—the first was unmarried, and the subject of particular solicitude on the part of her mother. As to her share, a spendthrift trust was created, and the entire fund was kept intact during her life, though she received but one-third of the income. To the other daughters named, an estate was given during the lifetime of Mary Jane, with provision for survivorship between them, not only of income and principal of the two-thirds of the estate, but of the remaining one-third, when Mary Jane should die, if still unmarried and without issue.

The will provided for the disposition of the property, as follows: "one-third part [of the entire estate] to my said daughter Mary Jane for and during all the term of her natural life; one-third part thereof to my daughter Merian during all the term of the natural life of the said Mary Jane, and the remaining one-third part [to Annie Arnold, substituted by codicil] during all the term of the natural life of the said Mary Jane." These estates vested in the parties designated, the latter two being for the life of the first named. By paragraph three, provision was made for distribution of the one-third after the death of the cestui que vie. As to this, it is said: "Should there be no issue of the body of my said daughter Mary Jane living at the time of the death of my said husband and at the time of the death of my said daughter Mary Jane or the survivor, then the part or share such issue would have taken, had there been any such living at the time of the death of such survivor, shall pass to and become vested in [Merian and Annie] share and share alike. And should either......be deceased...... at the time of the death of......Mary Jane, then the survivor of them......shall succeed to and be invested with the entire property." Thus it will be seen that the vested estates given to Merian and Annie were for the life of Mary, but as between them a survivorship was provided for, which was plainly within the power of the testatrix to create: Morris's Estate, 270 Pa. 120. Notwithstanding the able argument of appellant we cannot agree that the sisters, or one of them, must outlive Mary Jane, if the clause is to be effective.

No real difficulty is encountered up to this point. In paragraph 4 appears the direction, "in default of such living and surviving issue of the body of my said daughter Mary Jane, and in the event of my said daughter Merian, and my said [daughter Annie] both dying intestate and without children them surviving......then I do give, devise and bequeath all the property real and personal......unto my testatrix's right heirs, their

heirs, executors, administrators and assigns forever, the same as though I had died intestate and in accordance with the intestate laws of the Commonwealth in such case made and provided."

Annie, one of the daughters, died in 1904, intestate and without issue. Merian died in 1911, likewise without husband or children, but leaving a will, by which her interest was given to Mary Jane for life,—she lived until 1920,—and, upon her death, the principal was made payable to the present appellees. The suggestion is now made that the estate by survivorship fell, and the entire corpus is distributable under the intestate laws, by reason of the provisions of the fourth paragraph, above cited. This argument fails to give due weight to the words used, which indicate not only that it must appear no children were living when death occurred, but also that the survivor should die intestate: Merian left a will, however, as already noted. The Superior Court satisfactorily answered this contention, when it passed upon the clause in question, in determining the proper distribution of income accrued prior to Mary Jane's death. It then said: "Now, although the daughter Merian did not survive her sister Jane and did not leave any issue her surviving, she did die testate. What significance is to be attached to the provision of the will that it was only in case she should die intestate as well as childless that the devise over to the next of kin was to become operative? We can discover no other meaning than that there was at least an implied power of appointment given to this favored daughter and that her testamentary disposition of her share in her mother's estate would provide substitutionaries for herself, within the contemplation of the testatrix, who should stand in her stead and succeed to the rights that would have been hers had she survived the cestui que vie or left issue surviving herself": Harned's Est., 54 Pa. Superior Ct. 47, 53.

If the construction of this will, made in that case, is correct,—and we think it is,—then the present appellees (claimants by virtue of the will of Merian) are entitled here to the corpus of the fund, including the one-third, the income of which was paid to Mary Jane for life. Her share, upon death without children, was payable to the survivor of the other two sisters, and only in case the latter died without a will, did the fund pass, under the intestate laws, to the heirs of Charity Harned. Though the decision of the Superior Court, made on appeal from the former distribution, does not render the contention now again raised,—based on the division of the principal, including the portion held for Mary Jane,—res adjudicata (Kellerman's Est., 242 Pa. 3; Metzger's Est., 222 Pa. 276), yet the views there expressed, as to the proper construction of the instrument, may be, and are, adopted here.

In the present case, Helen A. White, individually, claimed a share as heir at law of Charity Harned, and also as administratrix of her deceased sister. The court below refused to so award, but distributed the fund to the heirs claiming under the will of Merian. As already indicated, we are of the opinion that the proper conclusion was reached. The two appeals taken were argued together, and are now jointly disposed of.

The assignments of error are overruled in both cases, and the decree of distribution is affirmed at the costs of appellants.