# Freeman's Estate.

*Wills—Construction—Income—Vested or contingent interest in income.*

1. A gift of income until a fixed time is reached will be held to be vested where the words of the will showed that such is the clear intention of the testator.

*Res judicata—Same question—Different parties—Wills.*

2. A decree of a court construing a will is not res judicata as to a later proceeding where identically the same question is raised, but the parties are different.

*Appeals—Practice—Wills—Construction—Intervening parties—Decree—Assignments of error.*

3. The Supreme Court will not consider the rights of parties desiring to intervene save those expressly brought before the court by the assignments of error.

Argued March 24, 1924. Appeal, No. 319, Jan. T., 1924, by Helen MacNab et al., children of a great-grand-

child of decedent, from decree of O. C. Phila. Co., Jan.
T., 1881, No. 228, dismissing exceptions to adjudication
in estate of Henry G. Freeman, deceased. Before MOSCH-
ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART,
SADLER and SCHAFFER. JJ. Affirmed.

Exceptions to adjudication of GEST, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J.
Helen MacNab and Madeline Ross Mendelson, children
of Lily Packe, a great-grandchild of decedent, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Roland R. Foulke,* for appellants.—It is clear testator
intended the income should be paid in default of ap-
pointment by a son or daughter to the descendants of the
son or daughter in whatever degree until the time fixed
for the termination of the trust, the word "then" re-
ferring to the period fixed for the duration of the trust
and not to the time of the death of a son or daughter:
Little's App., 81 Pa. 190; Lafferty's Est., 59 Pa. Superior
Ct. 24; Grothe's Est., 237 Pa. 262; Rowland's Est., 141
Pa. 553; Huddy's Est., 257 Pa. 528; Maxwell's Est., 261
Pa. 140.

*A. H. Wintersteen,* with him *John Wintersteen,* for
appellee, cited: Little's App., 81 Pa. 190; Ritter's Est.,
190 Pa. 102; Linnard's Est., 8 W. N. C. 536; Leech's
Est., 228 Pa. 311.

*J. Arthur Ewing,* for Beatrice E. Freeman.

*J. B. Colahan, 3d,* for Anna Diamond Freeman.

*Edward Hopkinson, Jr.,* and *Owen J. Roberts,* for
Marion F. Lukens and Isabel F. Frost.

*Frederick C. Newbourg, Jr.,* for Real Estate Trust Co. of Philadelphia, amicus curiæ.

*Maurice W. Sloan,* for the Real Estate Title Insurance and Trust Co., amicus curæ.

OPINION BY MR. JUSTICE SADLER, April 14, 1924:

Henry G. Freeman died on February 15, 1875, and, by his will, duly probated, gave his residuary estate to the Girard Trust Company, in trust, to divide the net income of the estate, after the death of his widow, into six equal parts, one share to be given to each of his children, and "from and after the death of either of my sons or daughters and until the death of all of them, to pay the income which he or she would, if living, have received to such persons or persons of kin to such son or daughter as he or she may by will have appointed, in default of such appointment to the child or children of such son or daughter that may then be living, or the issue of any child or children of such son or daughter that may then be dead, leaving issue, in equal shares equally, as however that such issue shall take per stirpes only a parent's share, and if there be no children or issue of such son or daughter then such person or persons as would take from, through or under me had I lived until then and died intestate. In trust when and so soon as the longest liver of them, my sons and daughters, shall be dead, to make partition, allotment and division of my entire estate, real and personal to and amongst the persons receiving or entitled to the income thereof immediately prior to such death, by virtue of the previous clauses of this my will, and the persons who under the said clauses would be entitled to the income of the share of the said longest liver, at his or her death according to their several and respective rights, shares, interests and estates in said income."

At the present time, we are concerned with the disposition of the income derived from one of these shares

only. Chapman Freeman, a son, died intestate in 1904, leaving to survive him four children and three grandchildren by a deceased daughter. One of the latter was Eliza, or Lily, married to Edward Packe. She died in 1908, at her residence in New Jersey, leaving a will, wherein her husband was named executor, and bequeathed a life estate in the property she owned, with a remainder to her children, the appellants here. To him the trustee paid, until his death in 1922, a proportionate share of the revenue derived from the Freeman Estate, amounting to nearly $16,000, and a small sum accruing thereafter to the date of the filing of the account now under consideration. The great-great-grandchildren of Freeman insist that this income was improperly diverted, and should have been given to them from the date of their mother's death, and ask a surcharge of the trustee for the sums paid to their father, and for an award directly of any income which became due thereafter.

The soundness of this contention necessarily rests on the proper construction of Freeman's will, the pertinent provisions of which have been cited. Were the shares vested in the children, the parties to whom the income was given, at the time of testator's death, with the power of appointment, in default of which the issue received their parent's share? The auditing judge has found that the payments were properly made to the executor of Lily, and that the sum accruing after the death of her husband should be turned over to the administrator d. b. n. c. t. a. of the wife. The provisions of her will have not been submitted to us, but we will presume the latter part of the order is justified. The sole question for our consideration is, therefore, the effect of the original testament of Freeman. Did it establish vested or contingent interests in the income?

A like question arose when the second account of the trustee in this estate was filed in 1908, and the rights of the parties holding through Charles D. Freeman, a

brother of Chapman, was the subject of discussion. Judge PENROSE held (Freeman's Est., 15 Pa. Dist. R. 928) the shares to be vested in those named, and that their appointees by will were entitled to the part of the income to which they would have been entitled had they lived. The adjudication below was affirmed by the Superior Court in a carefully considered opinion: Freeman's Est., 35 Pa. Superior Ct. 185. Appellants here were not parties to that proceeding, and, therefore, it cannot be said that the question is res adjudicata as to them (Kellerman's Est., 242 Pa. 3; Harned's Est., 273 Pa. 237), though the same proposition, raised in the first case, is again presented. The previous ruling is of importance in passing on the claim here made, and, for the reasons given in the prior litigation, the decree now before us must be affirmed.

The contention advanced on this appeal,—and a repetition of the one suggested in the earlier case referred to,—is that the income must be distributed, under the will, to the children and their issue alone, until the death of the last survivor of the first class, as indicated by the use of the word "then" in providing for an ultimate distribution of the principal. It has been held in several cases, where the purpose was evident that the sums received as income were to be kept within certain lines, until a fixed time was reached, the estate was contingent, and this rule is illustrated by Kemble's Est., 279 Pa. 368; Maxwell's Est., 261 Pa. 140, and Huddy's Est., 257 Pa. 528. But the provisions made by testator differ. He shows a clear intention to vest the one-sixth part in each line of descent, starting with the four sons and two daughters, giving to them the power to appoint kin to receive their respective shares, if they should die. We do not see how anything can be profitably added to the opinion of the Superior Court, above cited, delivered by Judge HENDERSON, which disposed of the same question, and further discussion seems unnecessary.

A number of parties interested in this estate, by reason of shares acquired through other children of testator, have intervened, and filed briefs showing their respective claims, urging that a decree be entered here which will definitely establish the right to a portion of the principal of the trust fund.

It is, however, not required on the present appeal that any contention, save that expressly brought forth before us by the assignments of error, be considered, and these are overruled.

The decree is affirmed at the cost of appellants.