## Freeman's Estate.

*Corporations — Purchase by director of trust company from cestui que trust—Disclosure of facts.*

A director of a corporation, which corporation is trustee, may purchase, as an individual, a vested interest of a *cestui que trust* for and on behalf of another corporation which is interested in property forming part of the trust estate without disclosing the fact that he is acting for the latter company.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1881, No. 228.

*J. G. Kaufman*, for exceptant; *F. C. Newbourg, Jr.*, contra.

LAMORELLE, P. J., Dec. 20, 1924.—May a director of a corporation, which corporation is trustee, purchase as an individual a vested interest of a *cestui que trust* for and on behalf of another corporation which is interested in property forming part of the trust estate without disclosing the fact that he is acting for the latter company? This in effect is the question raised by two exceptants in their first and second exceptions. One of these exceptants at the time of the argument formally withdrew her exceptions.

A similar question has been decided in the affirmative by this court (see Freeman's Estate, 4 D. & C. 367, affirmed by the Supreme Court in 281 Pa. 190), and, although the question may not be *res adjudicata,* as to which see Freeman's Estate, 280 Pa. 273, we find nothing in the argument advanced by the one exceptant which justifies us in disagreeing with the ruling of the auditing judge.

The third exception is that the auditing judge failed to pass upon evidence on behalf of the exceptants. This is a broad and sweeping exception and its meaning is somewhat obscure. The auditing judge, after a rehearing, filed a supplemental adjudication, wherein he adopted as his rulings that which he had written in his original adjudication. From this fact it may not be fairly inferred that any evidence offered was not duly considered. We have, however, examined the voluminous record, and we find no error of law nor any findings of fact not justified by the additional testimony.

Whether Mr. Tatnall bought on his own account or for an undisclosed principal, or whether he informed the assignors that he was not himself the purchaser, can make no legal difference. The assignors got the price they themselves asked. *They* wanted to sell and dispose of their interests. Mr. Tatnall did not seek them out and the correspondence shows that they dealt at arms' length. There is not a scintilla of testimony indicating actual fraud, nor does the official position of Mr. Tatnall warrant a finding of constructive fraud.

All exceptions are dismissed and the adjudication is confirmed absolutely.