## Seidel's Estate.

*Will—Construction—Survivorship—Brothers and sisters—Res judicata.*

1. Where a testator gave part of his estate in trust for a brother for life, "and not to any issue of his after his decease, then to revert back to my estate and be divided amongst my surviving brothers and sisters under the same terms as mentioned in this my will," brothers and sisters who die before the life-tenant, but survive the testator, take absolute vested interests.

2. In such case, the word "then" is probably used as a conjunction, equivalent to "in that event," and if it is an adverb of time, it is joined to the verb "revert," and not to the adjective "surviving."

3. The word "surviving" as used by testator means "other," and is to be referred to his own death.

4. The award of one fund is not conclusive as to the law in the distribution of another fund, though both are controlled by the same clause of the same will.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1923, No. 3575.

*D. J. Dolan,* for exceptions.

*Humbert B. Powell* (of *Powell, Ludlow & Schaeffer*) and *Clinton A. Sowers,* contra.

VAN DUSEN, J., Dec. 9, 1927.—Testator gave part of his estate in trust for his brother Theodore for life "and not to any issue of his, after his decease then to revert back to my estate and be divided amongst my surviving brothers and sisters under same terms as mentioned in this my will." Theodore has died, and two of his brothers and sisters died before him, but survived the testator. The Auditing Judge awarded shares to the representatives of these brothers and sisters, to which the brother and sister who survived Theodore have excepted, claiming the whole.

The verbal error of saying "survivor" when "other" is meant is so common that it has become a canon of construction in Pennsylvania that (unless the context shows otherwise) the word is to be taken in that sense; or, to put it differently, that the survivorship is to be referred to the death of the testator: Johnson *v.* Morton, 10 Pa. 245; Ross *v.* Drake, 37 Pa. 373; Shallcross's Estate, 200 Pa. 122; Black *v.* Woods, 213 Pa. 583; Morris's Estate, 270 Pa. 120; Breese's Estate, 2 Dist. R. 364; Miller's Estate, 4 Dist. R. 764; Hubbert's Estate, 6 Dist. R. 96. This is so even where there is an intervening life estate, to the duration of which the survivorship might possibly be referred; in this respect differing from the rule observed in connection with the words "die without issue." (See Wildemore's Estate, opinion filed herewith.) Breese's Estate illustrates the application of both rules, and it is there stated that the English rule is the same in both cases.

The context here does not show anything to the contrary. "Then" is probably used as a conjunction, equivalent to "in that event," and if it is an adverb of time, it is joined to the verb "revert" and not to the adjective "surviving."

The prior adjudication distributing the share of Robert is not *res judicata.* It was suggested that the alternative gift to Robert's issue, which is not found in the disposition of Theodore's share, was a material difference. It is

not necessary to go into this question, for it is well settled that the award of one fund is not conclusive as to the law in the distribution of another fund, though both are controlled by the same clause of the same will: Guenther's Appeal, 4 W. N. C. 41; Havir's Estate, 283 Pa. 292.

The exceptions are dismissed and the adjudication is confirmed absolutely. HENDERSON, J., did not sit.

NOTE.—See Wildemore's Estate, 9 D. & C. 809.