

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 23, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1419

Re: Proper method of com-
puting inheritance taxes
where life estate is
coupled with a power
of appointment under
submitted facts.

Dear Mr. Calvert:

You have advised us of the following facts. Mrs. Mattie
Virginia Brown died testate on August 13, 1961. Paragraph 3 of
her will, which has been duly admitted to probate, reads as fol-
lows:

"3. TRUST OF RESIDUE.

"(a) All the rest, residue and remainder
of my property and estate, both real and
personal, of whatsoever kind and wheresoever
situated, of which I shall die seized or pos-
sessed, or of which I shall be entitled to
dispose of at the time of my death, I give,
devise and bequeath to my Trustee, herein-
after named, IN TRUST, NEVERTHELESS, to hold,
manage, invest and reinvest the same, to
collect the income and to pay over the net
income as follows:

"(1) To pay the sum of FIFTY ($50.00)
Dollars per year, during the life of my
husband, to The First Methodist Church,
Marshall, Texas.

"(2) To pay over the balance of said
net income in quarterly installments to my
husband, J. M. Brown, during his life.

"(3) Upon the death of my husband,
to transfer, convey and pay over the prin-
cipal to or for the benefit of such person
or persons or corporation or corporations,
other than my said husband, his estate, his

creditors, or the creditors of his estate, to such extent, in such amounts or proportions, and in such lawful interests or estates, whether absolute or in trust, as my said husband may by his Last Will and Testament appoint. If the power of appointment is for any reason not validly exercised by my said husband, in whole or in part, then, upon his death, such portion of, or all of the principal of the Trust or such interests or estates therein as shall not have been validly transferred by him shall be transferred or paid over to the person or persons to whom and in the shares and proportions in which my administrator would have been required to pay the same had I died intestate and possessed thereof immediately after the death of my said husband.

"(b) In addition to the income of this Trust, there shall be paid to my husband out of the principal, in cash or in kind, upon his request, during any calendar year, an amount up to but not to exceed Five Thousand ($5,000.00) Dollars; provided, however, that if such request is not made for any calendar year, no payment of principal shall be made in any subsequent calendar year on the account of the amount not so requested.

"(c) If my husband predeceases me, then in that event, I give, devise and bequeath my entire estate to the persons entitled thereto under the Laws of Succession of the State of Texas, free and clear of any trust."

Admittedly, the husband owes an inheritance tax on the value of the life estate taken by him under the will. You desire that we advise you as to whether any additional inheritance tax is due the State of Texas at this time, and, if so, how the tax should be calculated.

We think that the recent case of Calvert v. Thompson, 339 S.W.2d 685 (Tex.Civ.App. 1960, error ref.) forecloses the proposition that the entire estate should be distributed to the

husband in computing the tax on the theory that he may by executing the power of appointment effect its distribution at his death. The Thompson case held that where the will provided for a life estate with full power of disposal in the life tenant, the estate of the life tenant and the estate of the remaindermen were required to be valued according to the provisions of Article 7123[1], Vernon's Annotated Texas Statutes, presently carried as Article 14.08, Title 122A, 20A, V.A.T.S., rather than at full value.

If a full power of sale in the life tenant is insufficient to allow a valuation of the property at full value, we do not think that a power to dispose of the property by will, or the right to receive part of the principal of the trust, could in anywise effect an increase in valuation of the property so held. We therefore conclude that the provisions of Article 14.08 must be followed in computing the inheritance taxes due from the husband.

Where a power of appointment is given to one who has a life estate in the property, and the estate in remainder is limited over to a designated person or persons in the event that the donee shall have failed to exercise the power, the takers thus designated have an estate which is vested in interest or descendible, devisable and alienable, although their enjoyment of the property is contingent upon the donee's non-exercise of the power of appointment. 33 Tex.Jur. 759, 760, Powers, Sec. 3. The contingency, therefore, which confronts the decedent's heirs in this case is one which may defeat their existing right to the remainders here involved, but is not one upon which the origin of their right depends, nor does it prevent the remainders from being vested ones. Southern Pine Lumber Co. v. Arnold, 139 S.W. 917 (Tex.Civ.App. 1911).

---

1/     Article 7123 (now Article 14.08) reads as follows:

"If the property passing as aforesaid shall be divided into two or more estates, as an estate for years or for life and a remainder, the tax shall be levied on each estate or interest separately, according to the value of the same at the death of the decedent. The value of estates for years, estates for life, remainders and annuities, shall be determined by the 'Actuaries Combined Experience Tables,' at four per cent compound interest."

We quote the following excerpt from Commissioner v. Cardeza's Estate, 173 F.2d 19, 27 (3d Cir., 1949):

> ". . . the predominant view in this country generally, /‾is‾/ that in the absence of an express contrary intention, a legacy in default of appointment vests in the legatee on the testator's death, subject to be divested by the exercise of the power. . . ."

Cited in support of this statement are the following authorities:

> "In re Freeman's Estate, 1908, 35 Pa. Super. 185, approved by the Supreme Court of Pennsylvania in 1924, 281 Pa. 190, 126 A. 270 and in 1924, 280 Pa. 273, 124 A. 435; Lewis v. Rothensies, 3 Cir. 1943, 138 F2d 129, 132; Lincoln Trust Co. v. Adams, 1919, 107 Misc 639, 177 NYS 889; Matter of Lansing, 1905, 182 NY 238, 74 NE 882. See also Restatement, Property, § 365 (3) (1940); 41 Am Jur, Powers § 85; 3 Tiffany, Real Prop. § 679, p. 10 (3rd ed. 1939)."

We are aware of the fact that for some time the trend in death tax cases, both those involving State taxes and those involving Federal taxes, is to reach a decision based on the realities of a fact situation, rather than on the niceties of the common-law conveyancer's art. In other words, taxability is not determined by the nature of ·the interest transferred, as for example, whether it be vested or contingent at the time of the creation of the right.[2] Furthermore, it is not necessary that the beneficiary or heir be guaranteed an absolute right to future enjoyment of property in order for the privilege of its receipt to be subject to an inheritance tax. One of the most obvious examples of such a fact situation is the one involving the usual life estate with remainder over to named individuals. In such

---

[2] "Taxation of Transfers Intended to Take Effect in Possession Or Enjoyment at Grantor's Death", 14 Minn. Law Rev. 453, 462, citing Saltonstall v. Saltonstall (1927), 276 U.S. 260, Chase Nat'l. Bank v. United States (1928), 278 U.S. 327; Reinecke v. Northern Tr. Co. (1928), 278 U.S. 339.

cases the tax is imposed upon the privilage of the remaindermen's receipt of their interests, even though, in fact, they may not survive the life tenant. Since nothing in the statute authorizes postponement of the payment of the tax to determine contingencies or conditions subsequent,[3] and since the decedent's heirs have a vested right in the remainders subject to being divested by the exercise of the power of appointment, you are advised the remainder estates should be distributed to the decedent's heirs for inheritance tax purposes.

### S U M M A R Y

Where life estate is coupled with a special power of appointment with a limitation over to the decedent's heirs in the event of default in the exercise of the power, inheritance taxes should be computed on the basis of the value of the life estate and the value of the remainder estates of the decedent's heirs.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Assistant

MMcGP/jp

APPROVED:

OPINION COMMITTEE:
Howard W. Mays, Chairman

W. E. Allen
Arthur Sandlin
Robert T. Lewis

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore

---

[3] Bethea v. Sheppard, 143 S.W.2d 997 (Tex.Civ.App. 1940, error ref.).